**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0624-17T2

BRANDON FRITZ,

  Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

  Respondent.

_____

Submitted October 24, 2018 – Decided November 5, 2018

Before Judges Nugent, Reisner and Mawla.

On appeal from the New Jersey Department of Corrections.

Brandon Fritz, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Michael E. Vomacka, Deputy Attorney General, on the brief).

PER CURIAM

Brandon Fritz, a prison inmate, appeals from an August 25, 2017 final decision of the Department of Corrections (DOC or agency), finding that he committed prohibited act .210, possessing unauthorized materials. We vacate the agency decision, and remand for a new hearing. Should the agency once again find that Fritz committed the prohibited act, the decision must be supported by specific findings of fact.

According to incident reports, during a search of Fritz's cell, a corrections officer found a plastic trash bucket lined with a clear plastic bag containing an orange liquid. The reports described the liquid as cloudy and having an odor. The officer believed the substance smelled like "hooch" or homemade alcohol. Fritz claimed the juice came from the mess hall and was not alcoholic. He asserted that he was blending it to use for dietary purposes. Fritz was placed in administrative segregation, and subjected to a urine test for prohibited substances. The test came back negative.

Fritz was originally charged with prohibited act *.551, making intoxicants or alcoholic beverages. However, on the day of the hearing, the hearing officer downgraded the charge to prohibited act .210, "possession of anything not authorized for retention or receipt by an inmate or not issued to him or her through regular correctional facility channels." N.J.A.C. 10A:4-4.1(a)(4)(iii).

According to his administrative appeal, Fritz's inmate counsel substitute asked for an adjournment because Fritz was in administrative segregation, and could not meet with counsel prior to the hearing. However, the hearing proceeded. Fritz explained his legitimate reasons for possessing the juice. Without making a credibility determination, or any factual findings, the hearing officer stated, in conclusory fashion, that he was relying on the investigative reports to find Fritz guilty of the charge.

On this appeal, as before the agency, Fritz asserts that the liquid found in his cell was a mixture of ordinary, nonfermented juices that he obtained from the prison mess hall. He asserts that he intended to blend and drink the juice for dietary purposes. In his brief, Fritz asserts that the DOC rules permit inmates to bring juice back to their cells from the mess hall, and the DOC issued him the container in which the juice was found. He supports those contentions with the DOC's own handbooks. He also argues that he had insufficient notice of the charges and insufficient opportunity to prepare for the hearing.

We conclude that the last-minute downgrading of the charge, which apparently occurred because the agency could not prove that the substance in Fritz's cell was an alcoholic beverage, did not give Fritz fair notice of the charge

3

against him.[1]  Additionally, the agency decision is devoid of credibility determinations as to Fritz's testimony, and does not contain any specific factual findings concerning exactly what "unauthorized materials" Fritz possessed or otherwise what he did that violated prohibited act .210.  In the absence of specific factual findings, we cannot engage in meaningful appellate review of the agency's decision.  In re Issuance of a Permit by Dep't of Envtl. Prot. to Ciba-Geigy Corp., 120 N.J. 164, 172 (1990).

Accordingly, we remand the matter to the DOC for a new hearing.  At least twenty-four hours in advance of any hearing, the agency must serve Fritz with a written charge that specifies what he allegedly did to commit prohibited act .210.  Should Fritz once again be found to have committed that prohibited act, the hearing officer's decision must be supported by specific findings of fact and credibility determinations.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1]  In his administrative appeal, as on this appeal, Fritz asserted that the juice was tested and was not found to contain alcohol.  The prison administrator did not address that contention, and neither does the DOC's appellate brief.

A-0624-17T2